IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TED LUDWIG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| CONROE WELDING SUPPLY, INC., | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Ted Ludwig ("Ludwig" or "Plaintiff"), through his undersigned counsel, and hereby files his Complaint and Demand for Jury Trial against Defendant, Conroe Welding Supply, Inc., ("Conroe Welding" or "Defendant"), and in support states as follows:

### NATURE OF THE ACTION

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's failure to accommodate Plaintiff's request for a reasonable accommodation under the ADAAA leading to Plaintiff's unlawful termination because of Plaintiff's disability.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADAAA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim, including Defendant's unlawful employment practices, occurred in this District.

## THE PARTIES

4. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the state of Texas, residing in Montgomery County.

5. Defendant is and was, at all relevant times, operating in Montgomery County, Texas and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

6. Defendant was an employer as defined by the laws under which this action is brought under the ADAAA.

7. At the time of the incidents relevant to this action, Plaintiff was employed by Defendant at its business located at 415 S Frazier Street, Conroe, Texas, 77301.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On December 3, 2020, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's discrimination charge was filed within the required number of days after the alleged unlawful employment practices occurred.

11. On August 26, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request, against Defendant.

12. This complaint was filed within ninety days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

13. Plaintiff was employed full-time by Defendant for approximately three (3) years.

14. At the time of Plaintiff's termination, Plaintiff held the position of Dock Hand and Driver.

15. Plaintiff is a qualified individual under the ADAAA.

16. Plaintiff has diabetes.

17. At all times, Defendant was aware Plaintiff has diabetes.

18. Plaintiff spoke with Human Resources and stated that his doctor wanted to keep Plaintiff out of work because of his disability.

19. Human Resources told Plaintiff to bring in a note from his doctor with the requested dates off work.

20. Plaintiff complied and submitted a request for medical leave, via his doctor, for the dates July 15, 2020, through September 30, 2020.

21. The letter was incorrectly dated March 31, 2020, but Plaintiff's doctor later provided Plaintiff with an email stating that a corrected letter could be sent, if needed by Defendant, to correct the date on top.

22. Defendant never requested an updated letter.

23. On August 6, 2020, Plaintiff was notified via letter that his absence from work was approved through September 30, 2020.

24. On September 30, 2020, Plaintiff returned to work full-time.

25. While back at work, Plaintiff's diabetes was flaring up due to the medication Plaintiff was on.

26. Plaintiff's medication caused Plaintiff to become nauseous.

27. At no time was Plaintiff unable to perform his job duties and was qualified for the job position.

28. On October 21, 2020, Plaintiff went out of work again, for a brief period, and Plaintiff provided a doctor's note stating that Plaintiff may return to work on October 26, 2020.

29. While out of work, Plaintiff texted Ricky Morton regarding Plaintiff's diabetes.

30. Plaintiff requested a reasonable accommodation.

31. Specifically, Plaintiff requested to work at the warehouse or on the dock so he would not miss any time if his diabetes was flaring up.

32. Plaintiff further explained that he was unable to make it to the restroom at times in his current job position because there was not a restroom nearby and being placed in another position closer to a restroom would accommodate Plaintiff's disability.

33. Mr. Morton told Plaintiff they would talk about it when Plaintiff returned on work.

34. Plaintiff was terminated by Mr. Morton when he returned to work.

35. Mr. Morton told Plaintiff that Plaintiff could not be at the job sight sick anymore and that Plaintiff was unable to perform his job. Mr. Morton told Plaintiff that Defendant needed someone at work who could drive, but at no point did Plaintiff tell Mr. Morton that Plaintiff was unable to drive, nor did a doctor state that Plaintiff was unable to drive.

36. Defendant failed to engage in the interactive process with Plaintiff as is required by law.

37. Plaintiff's termination notice stated Plaintiff was unable to perform Plaintiff's job duties, such as, drive a truck, due to Plaintiff's medical condition.

38. As the proffered reason for Plaintiff's termination was false, Plaintiff noted on his termination notice that the termination was not Plaintiff's choice, and Plaintiff was able to do his job.

39. Defendant terminated Plaintiff due to Plaintiff's disability.

40. Defendant later stated that Plaintiff was terminated because business conditions and the pandemic forced Defendant to reduce its workforce.

41. Plaintiff has been damaged by Defendant's illegal conduct.

42. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Based Discrimination in Violation of the ADAAA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

44. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

46. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated the ADAAA by terminating and discriminating against Plaintiff based on Plaintiff's disability.

48. Plaintiff has been damaged by Defendant's illegal conduct.

49. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

50. Defendant's discriminatory conduct, in violation of the ADAAA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

51. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

52. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADAAA

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

54. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

55. Defendant was aware of Plaintiff's disability.

56. Defendant failed to accommodate Plaintiff's disability.

57. Defendant's discriminatory conduct, in violation of the ADAAA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

58. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

59. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)	Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, liquidated damages, and prejudgment interest thereon;

b)	Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c)	Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Texas Bar Number: 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd. Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*